IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOVAN WILLIAMS,

                Plaintiff,

  v.

AUSTIN SCHLACTER, TIA CHENTNIK,
BROOKE STEINGRABER, JEFFREY NGUYEN,
JEREMIAH PHIPPS, STEVEN PARENTEAU,
CHARLIE BERGREN, SANDRA ARNOASAH,
JEFF REWEY, JR., and BONNIE ALT,

                Defendants.

OPINION and ORDER

23-cv-708-jdp

---

Plaintiff Jovan Williams, proceeding without counsel, is an inmate at Columbia Correctional Institution (CCI). He is proceeding on Fourth and Eighth Amendment improper strip search claims. Defendants, who are all prison staff, conducted two strip searches on Williams after a correctional officer accused Williams of stealing her bracelet.

Defendants move for summary judgment, contending that Williams failed to exhaust his administrative remedies because he didn't contest a conduct report for stealing the bracelet. Dkt. 20. But Williams's improper strip search claims are not inconsistent with his pleading guilty to stealing the bracelet, so Williams's failure to contest the conduct report has no bearing on the exhaustion issue. I will deny defendants' motion for summary judgment on exhaustion grounds.

BACKGROUND

Plaintiff Jovan Williams was accused of assaulting defendant correctional officer Chentnik and stealing her bracelet. Defendants conducted two strip searches on Williams to

locate the bracelet. I allowed Williams to proceed on allegations that the strip searches were conducted in an intentionally humiliating manner, and that the second strip search lacked justification because Williams had no opportunity to acquire contraband between the first and second searches. Dkt. 14.

Williams received a conduct report for assaulting Chentnik and stealing her bracelet. Dkt. 22-3. Williams accepted an uncontested disposition and waived his right to a disciplinary hearing on the conduct report.

Williams submitted an inmate complaint about the strip searches, alleging that officers had done the strip searches intending to humiliate him. Dkt. 22-2. He said in the complaint that he was grieving the "process of search and seizure done to me that resulted in the conduct report," not the conduct report itself. *Id.* at 12. Complaint examiners dismissed the complaint as improperly submitted because it related to a conduct report. The dismissal was affirmed on appeal.

ANALYSIS

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about "prison conditions." 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. To exhaust administrative remedies in Wisconsin, inmates

ordinarily must follow the Inmate Complaint Review System (ICRS) process as set forth in Wisconsin Administrative Code Chapter DOC 310. But to complain about issues related to a conduct report, an inmate must raise the issue at the disciplinary hearing and again on appeal to the warden. *See* Wis. Admin. Code §§ DOC 303.78–303.82.

The purpose of the exhaustion requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendant. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Defendants contend that Williams didn't properly exhaust his administrative remedies because he waived his right to a hearing on his conduct report for stealing Chentnik's bracelet. By waiving his right to a hearing, Williams lost his right to challenge the conduct report through a disciplinary appeal. Wis. Admin. Code § DOC 303.78(5) ("An inmate may not appeal an uncontested major disposition to which he or she has agreed."). In his opposition brief, Williams cites *Nelson v. Burns*, No. 16-cv-506-jdp, 2018 WL 801534 (W.D. Wis. Feb. 9, 2018), contending that he could not have challenged the conduct report on the ground that prison staff improperly strip searched him, so the disciplinary process did not offer a remedy for his strip search claims.

I agree that this case is similar to *Nelson*. In *Nelson*, I observed that claims for excessive force are not necessarily inconsistent with pleading guilty to a disciplinary decision that a prisoner assaulted staff. *Id.* at *2. The same is true here. None of Williams's claims depend on whether Williams stole Chentnik's bracelet,[1] so it is not inconsistent for Williams to plead

---

[1] Williams alleged in his complaint that defendants lied about him stealing the bracelet to justify strip searching him, but I did not allow Williams to proceed on claims based on that

3

guilty to stealing the bracelet and to proceed on claims that defendants acted improperly when they strip searched him to find the bracelet. The disciplinary appeals process did not offer a remedy for Williams's strip search claims, so Williams did not forfeit his right to bring those claims by failing to challenge the conduct report.

That leaves the question whether Williams exhausted his administrative remedies through the ICRS process. It is undisputed that Williams filed an ICRS complaint about the strip searches. The institution did not review the complaint on the merits; instead, the complaint examiner concluded that Williams's complaints were not subject to the ICRS process because they were related to his conduct report. Dkt. 22-2, at 2. Regardless of whether that is correct, Williams was entitled to rely on the examiner's decision. *Nelson*, 2018 WL 801534, at *3; *see also Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004) (dismissal not appropriate when prisoner failed to complete grievance process because of misinformation provided by prison officials). Under the examiner's view, the ICRS system did not provide an available remedy, so Williams cannot be penalized for failing to exhaust his remedies through that process. I conclude that the defendants have not shown that Williams failed to exhaust his available administrative remedies, so I will deny defendants' motion for summary judgment.

One final point. In their reply brief, defendants contend that Williams should be precluded from introducing evidence that he did not steal Chentnik's bracelet because he did not contest the conduct report accusing him of doing so. Dkt. 26, at 2. Williams submitted a surreply in response, in which he denies admitting to stealing the bracelet and contends that

---

allegation. Dkt. 14, at 5.

defendants should be precluded from introducing evidence that he did steal the bracelet.[2] Dkt. 27. I will reserve these issues about the admissibility of evidence for another day. Discovery is not complete and it is not yet clear what issues will remain for trial, so it is too early to tell what evidence will be admissible. The parties may renew their arguments about the admissibility of evidence in their summary judgment briefing or before trial.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment on exhaustion grounds, Dkt. 20, is DENIED.

2. Plaintiff Jovan Williams's motion to submit a surreply, Dkt. 27, is GRANTED.

3. Plaintiff's motion for a status update, Dkt. 28, is DENIED as moot.

Entered April 4, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge

---

[2] I will grant Williams's motion to submit a surreply. Dkt. 27.